Sullivan,
No. 5336.

MARYLAND CASUALTY COMPANY & a.

v.

ETHELYN G. HOWE & a.

Argued June 1, 1965.
Decided October 5, 1965.

*Sheehan, Phinney, Bass & Green* and *Richard A. Morse* (*Mr. Morse* orally), for the plaintiff Maryland Casualty Company.

*Devine, Millimet, McDonough, Stahl & Branch* and *Jarlath M. Slattery* (*Mr. Slattery* orally), for the plaintiff State Farm Mutual Automobile Insurance Company.

*Shulins & Duncan* (*Mr. Richard C. Duncan* orally), for the defendants.

KENISON, C.J. Petition for declaratory judgment (RSA 491: 22) to determine the maximum limits of liability under the uninsured motorists endorsements of two substantially identical liability policies issued by the plaintiff Maryland Casualty Company to the defendant Ethelyn G. Howe and by the plaintiff State Farm Mutual Automobile Insurance Company to the defendant Ronald Howe. Ronald, the named insured in his own policy, is the son of Ethelyn and he was injured while a passenger in an uninsured motor vehicle at a time when he was a member of the household of Ethelyn and an insured under her policy. Each policy provided for $10,000 coverage under the uninsured motorists endorsements. The defendants contend they are entitled to a total

coverage of $20,000 which is $10,000 under the uninsured motorists endorsement contained in each policy. The plaintiffs contend the total coverage under the uninsured motorists endorsements is $10,000, which is $5,000 under each policy. This specific question was reserved and transferred without ruling by *Grant, J.* The facts are not disputed.

The policies contained the following conditions under the heading "Other Insurance":

"With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this endorsement for a greater proportion of the applicable limit of liability of this endorsement than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this endorsement, the company shall not be liable under this endorsement for a greater proportion of such loss than the applicable limit of liability hereunder bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

The financial responsibility law of this state requires a minimum coverage of $10,000 for bodily injuries to a single claimant and $20,000 for any one accident resulting in bodily injuries to more than one person. RSA 268:1 VII (supp); Laws 1955, 76:1. Since 1957 uninsured motorist insurance has been required with the same minimum limits. RSA 268:15 (supp); RSA 412:2-a (supp); Laws 1957, 305:8, 10. The purpose of uninsured motorist insurance is to remedy the obvious deficiency in financial responsibility legislation which did not protect those injured by financially irresponsible motorists and the hit-and-run operator. *Kirouac* v.

*Healey,* 104 N.H. 157: *Hein* v. *Nationwide Mut. Ins. Co.,* 106 N. H. 378; Kelly, *Kirouac* v. *Healey:* Comments on the Uninsured Motorist Endorsement in New Hampshire, 7 N. H. B. J. 92 (1965). This insurance is " . . . designed to close a gap in the protection afforded the public under existing Financial Responsibility Acts." *Kirouac* v. *Healey, supra,* 159. While it does not close all the gaps it provides a more complete protection than formerly existed. Comment, The Financially Irresponsible Motorist: A Survey of State Legislation, 10 Villanova L. Rev. 545, 553, 556 (1965); Patterson and Young, Cases and Materials on Insurance 212 (4th *ed.* 1961); 12 Couch on Insurance 2d, *s.* 45:623 (1964).

The defendants claim that they are entitled to a total coverage of \$20,000 or \$10,000 under each of the plaintiffs' insurance policies. This would be so if the conditions in the insurance policies, quoted in the second paragraph of the opinion, were repugnant to the statute (RSA 268:15 (supp)). See *Bryant* v. *State Farm Mut. Auto. Ins. Co.,* 205 Va. 897. But so far as appears from the record and exhibits in this case the provisions relating to excess insurance, the limits of liability and the prorating of insurance are consistent with and not in violation of any part of the uninsured motorist coverage provided by our statutes. RSA 268:15 (supp); RSA 412:2-a (supp); Laws 1957, 305:8, 10. The second paragraph of the conditions relating to "Other Insurance" quoted in the second paragraph of the opinion, provides that where the insured has other similar insurance available to him "the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance . . . . " Since both policies have \$10,000 per person limits, the "higher" limit is \$10,000 and the maximum amount of liability is \$10,000. *Travelers Ind. Co.* v. *Wells,* 316 F. 2d 770 (4th Cir. 1963); *Burcham* v. *Farmers Insurance Exchange,* 255 Iowa 69; Note, Uninsured Motorist Coverage — A Survey, 1962 Wash. U. L. Q. 134.

The design and purpose of the uninsured motorist insurance statute was to provide protection only up to the minimum statutory limits for bodily injuries caused by financially irresponsible motorists. The statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits. *Chandler* v. *Government Employees Ins. Co.,* 342 F. 2d 420 (5th Cir. 1965). See Annot.

79 A.L.R. 2d 1252; 490 Insurance L. J. 650, 659 (1963). The answer to the question transferred without ruling is that the plaintiff insurance companies have a total liability of $10,000 or $5,000 under each policy.

*Remanded.*

BLANDIN, J., did not sit; the others concurred.