214 So.2d 909

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Carlos DE LA CRUZ, Administrator.**

**I Div. 420.**

Supreme Court of Alabama.

Oct. 3, 1968.

Rehearing Denied Nov. 7, 1968.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Caffey, Gallalee, Edington & Loveless and I. David Cherniak, Mobile, for appellee.

KOHN, Justice.

This action was filed by the plaintiff as the administrator of the estate of Enrique De La Cruz, and claimed the sum of $4,500, alleged to be due to the deceased's estate under a policy of insurance between Carlos De La Cruz and the appellant, State Farm Mutual Automobile Insurance Company.

The case was submitted to the court on waiver of a jury trial by both the plaintiff and the defendant on the plaintiff's amended complaint.

On submission of the cause to the court, the court returned a verdict and judgment in favor of the plaintiff and against the defendant for the sum of $5,040, which was the amount sued for, plus interest. Judgment was rendered against the defendant in accordance with the verdict.

On November 7, 1966, the defendant filed its motion for a new trial in the cause. This motion was specially continued by the court until November 18, 1966, when the same was argued and submitted to the court. The motion was overruled and denied on the same day. Notice of appeal and supersedeas bond were filed by the defendant on November 23, 1966, and this appeal was perfected.

On December 25, 1963, the deceased, Enrique De La Cruz, was a passenger in a car owned and driven by one Gary Raby which collided with another car driven by a James Biggs. As a result of the collision, Enrique De La Cruz sustained serious injuries which caused his death. The driver, Gary Raby, and two other passengers, Sue Kachel and Kathy Dunham, were injured in the collision. The accident was the result of the negligence of the said James Biggs, and prior to this present action the plaintiff had obtained a judgment of $25,000 against Biggs in the circuit court of Mobile County, Alabama. James Biggs was an uninsured motorist as described by the defendant's policy. The automobile in which the deceased was a passenger at the time of the accident was covered by a policy of insurance issued by Allstate Insurance Company. This policy provided for uninsured motorist coverage, the limits of which were $5,000 for one person and $10,000 for two or more persons. As a result of this accident, the Allstate Insurance Company paid out a total of $10,000 to the four persons injured in the collision. Each of them, including the estate of Enrique De La Cruz, received a proportionate share of $10,000, or $2,500 each.

At the time of the accident, the deceased Enrique De La Cruz, was covered by an insurance policy issued to his father by the appellant State Farm Mutual Insurance Company. This policy also covered deceased for injuries received in a collision with an uninsured motorist. The limits of liability under the uninsured motorist provision of this policy were identical to that of the Allstate policy, i. e., $5,000 for one person and 10,000 for two or more persons. Thus, the deceased was covered by two different policies issued by different insurance companies with similar provisions in each as to uninsured motorist coverage.

The provision of the appellant's, State Farm Mutual Automobile Insurance Com-

pany's, policy which provided ·deceased with uninsured motorist coverage is set out below. This is necessary as the appellant, by appropriate pleas, raised this provision as a defense to the action brought by the plaintiff, and its interpretation is determinative to the issue raised on this appeal. The provision of the policy involved reads:

"14. Other insurance. With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall *then* apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all such other insurance."

The only issue raised on this appeal is whether the above-quoted provision in the appellant's policy of insurance precludes recovery by the plaintiff under the appellant's insurance policy. This particular question is one of first impression in this jurisdiction.

It is necessary to note at this point that the Alabama statute, Title 36, § 74(62a), Recompiled Code of Alabama 1958, as amended, requiring that uninsured motorists coverage be offered in an insurance policy with the right of rejection by the insured, was not in effect at the time of the accident or purchase of the insurance policy involved in this case. This is pertinent here, as nearly all of the cases from other jurisdictions cited by both the appellant and appellee were decided in reference to a statute similar to Title 36, § 74(62a), supra. This opinion, therefore, must be decided without referring to the above-quoted statute.

The trial court in holding that the above-quoted provision did not bar plaintiff's recovery under the policy relied upon the case of Southern Guaranty Ins. Co. v. Jones, 279 Ala. 577, 188 So.2d 537. Southern Guaranty Ins. Co. v. Jones, supra, cited

the case of United States Fire Ins. Co.·v. Hodges, 275 Ala. 243, 154 So.2d 3, and quoted the following therefrom:

" 'The lower court conceded, and we agree, that there is a diversity of opinion on this question in other jurisdictions, but we adopt the rule that "other" or "double" insurance under those provisions exists only where there are two or more insurance policies covering the same interest, the same subject matter and against the same risk; *and that the "other" insurance clause in the policies referred only to other insurance taken out by the insured named in that policy.* * * * *'" [Emphasis supplied.]

In support of the above holding, United States Fire Ins. Co. v. Hodges, supra, the following cases were cited: Blue Anchor Overall Company, Inc. v. Pennsylvania Lumbermens. Mutual Insurance Company, 385 Pa. 394, 123 A.2d 413, 59 A.L.R.2d 546; Bituminous Cas. Corp. v. Travelers Ins. Co., D.C., 122 F.Supp. 197; Automobile Ins. Co. v. Springfield Dyeing Co., Inc., 3 Cir., 109 F.2d 533; Export Leaf Tobacco Company v. American Ins. Co., 4 Cir., 260 F.2d 839; Oakley v. Firemen's Insurance Company, Sup., 70 N.Y.S.2d 458; American Alliance Ins. Co. v. Brady Transfer & Storage Co., 8 Cir., 101 F.2d 144; Lucas v. Garrett, 209 S.C. 521, 41 S.E.2d 212, 169 A.L.R. 660; Couch, Cyclopedia of Insurance Law, Vol. 5, § 1039, p. 3634.

The trial court held that this was "other insurance" as decided by the court in Southern Guaranty Ins. Co. and United States Fire Ins. Co. cases, supra, and that the plaintiff could recover under the appellant's policy as he did not purchase the primary insurance with Allstate, but rather a third party, the owner of the automobile. in which the insured was injured, procured it. · We do not agree with the trial court's. decision that the facts of the instant case are governed by the Southern ·Guaranty Ins. Co. and United· States Fire Ins. Co.. cases, supra.

We believe that the trial court erred in making this ruling. In United States Fire Ins. Co. v. Hodges, supra, the provisions of the policies in question were as follows:

"The provision in the boat policy reads:

" 'If the Assured has other insurance (except under this Policy) against a liability covered by this Protection and Indemnity Insurance, the Company shall not be liable under this Protection and Indemnity Insurance for a greater proportion of such loss than the applicable limit of liability stated in this Policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss.' [Emphasis supplied.]

"The same provision in the homeowners policy reads:

" 'If the Insured has other insurance against a loss covered by this policy, this Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.' " [Emphasis supplied.]

In the present case, the pertinent part of the provision stated that the insurance hereunder shall apply only as excess over *any other similar insurance available to such occupant.*

In interpreting a contract of insurance, we are conscious of the rule that the contract must be construed most liberally in favor of the insured. Trinity Universal Insurance Co., Dallas, Texas v. Wills, 273 Ala. 648, 143 So.2d 846; Commercial Standard Ins. Co. v. New Amsterdam Cas. Co., 272 Ala. 357, 131 So.2d 182; McKee v. Exchange Ins. Ass'n, 270 Ala. 518, 120 So.2d 690. However, this court has also stated, many times, that unambiguous insurance policies must be expounded as made, and the court cannot make a new contract for the parties. Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599,

200 So. 425; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Goodman, 279 Ala. 538, 188 So.2d 268.

In the present case, we hold that the language in the policy is clear and unambiguous, and means that if the insured can recover under any other insurance policy, the present policy would only provide excess coverage in the amount by which the applicable limit of liability of the present policy exceeds the applicable limits of all other such insurance. In the present case, the applicable limits of the appellant's policy and the Allstate policy, under which the plaintiff recovered, are the same. Therefore, this provision precludes the plaintiff from recovering under the appellant's policy. This view has been adopted in other jurisdictions. Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N.W.2d 500; Miller v. Allstate Ins. Co., 66 Wash.2d 871, 405 P.2d 712; Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420; LeBlanc v. Allstate Ins. Co., La.App., 194 So.2d 791; Kirby v. Ohio Cas. Ins. Co., 232 Cal.App.2d 9, 42 Cal.Rptr. 509; Grunfeld v. Pacific Automobile Ins. Co., 232 Cal.App.2d 4, 42 Cal. Rptr. 516; Globe Indemnity Co. v. Baker's Estate, 22 A.D.2d 658, 253 N.Y.S.2d 170.

We are also aware that other jurisdictions have held that an insured can recover under similar policies of insurance even though the policy contains an "excess or pro-rata provision" as is contained in the policy involved in this case. Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897, 140 S.E.2d 817; Sellers v. United States Fidelity & Guaranty Co., (Fla) 185 So.2d 689; Childers v. Southern Farm Bureau Casualty Ins. Co., (W.D.Ark.) 282 F.Supp. 866; Harleysville Mutual Casualty Company v. Blumling, 429 Pa. 389, 241 A.2d 112. However, in these jurisdictions the courts applied the respective state statutes requiring that uninsured motorists coverage be offered an insured, and held that this type of provision was void because it was in conflict with the state statutes. As

we have noted before, Title 36, § 74(62a), as amended, supra, requiring that uninsured motorists coverage be offered an insured, was not in effect at the time of the present accident. We, therefore, decline at this time to decide the effect of this statute on such insurance provision as it is not necessary for a disposition of this case.

In light of the foregoing, we hold that the trial court erred in disallowing the defense set up by appellant's plea No. 2, and for this reason, we reverse the case.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.