Charles H. TREECE, Plaintiff,

v.

The HOME INSURANCE COMPANY, Defendant.

No. LR–69–C–2.

United States District Court
E. D. Arkansas, W. D.

Feb. 18, 1969.

J. E. Lightle, Jr., Searcy, Ark., for plaintiff.

Griffin Smith, Little Rock, Ark., for defendant.

Memorandum and Order

HENLEY, Chief Judge.

On motion of the defendant to dismiss the complaint for failure to state a claim upon which relief can be granted.

This is another case involving the validity of "anti-stacking" provisions appearing in uninsured motorist endorsements in automobile insurance policies. The problem was considered by the Supreme Court of Arkansas in MFA Mutual Insurance Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742, relied on by defendant here.

Accepting as true the facts alleged in the complaint, it appears that on June 28, 1968, the plaintiff was injured while riding in a car owned and operated by one Gerald Willis; the car was involved in an accident due to the negligence of an uninsured motorist. At the time of the accident plaintiff was protected by his own policy issued by the defendant, The Home Insurance Company. While the complaint does not so allege, it is evident from the record as a whole including the memorandum briefs of counsel in connection with the motion now under consideration that at the time of the accident plaintiff was also protected by a policy issued by another company to Willis, which policy also provided uninsured motorist coverage. It is inferable that both policies had uninsured motorist limits of $10,000 and $20,000.

It appears that Willis's insurance carrier had the "primary coverage" with respect to the accident, and the defendant relies on the following language appearing in its own policy and set forth in the complaint:

"OTHER INSURANCE-COVERAGE E. With respect to bodily injury to an insured while occupying an automobile not owned by the Named

Insured, the insurance under Coverage E shall apply only as excess insurance over any other similar insurance available to such occupant and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the applicable limit of liability for this Coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which Coverage E applies than the applicable limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Prior to the decision of the Supreme Court of Arkansas in the Wallace case, the federal courts in Arkansas and the Court of Appeals for the Eighth Circuit had held in at least two cases that policy provisions identical or similar to the provision contained in defendant's policy were void as violative of Ark.Stats. § 66–4003. Robey v. Safeco Ins. Co. of America, W.D.Ark., 270 F.Supp. 473, aff'd 8 Cir., 399 F.2d 330; Childers v. Southern Farm Bureau Casualty Ins. Co., E.D.Ark., 282 F.Supp. 866; cf. Carter v. Saint Paul Fire and Marine Insurance Co., E.D.Ark., 283 F.Supp. 384.

In *Wallace*, supra, the Arkansas Supreme Court held that the anti-stacking provision of the policy there in suit did not violate the Arkansas statute. In seeking to distinguish the Wallace case from this case counsel for plaintiff urges that there both of the policies involved had been issued by the same company whereas here the policies were issued by different companies.

The distinction drawn by counsel is factually valid, but this Court has not read and does not read *Wallace* so narrowly. The language of the final paragraph of the Wallace opinion dealing with the purpose of the statute and its reference to *Robey* and to Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420 (p. 229 of 245 Ark.), indicate that it would make no difference to the Supreme Court of Arkansas whether the plaintiff was covered by two policies issued by the same company or by two policies issued by different companies.

In any event this Court has in fact held that *Wallace* does not apply to the situation presented here and will adhere to its holding until a contrary conclusion is reached by the Supreme Court of Arkansas or by the Court of Appeals.

The motion is granted, and the complaint is dismissed.