[Civ. No. 58573. Second Dist., Div. Two. June 19, 1980.]

ARLENE RUDDER et al., Plaintiffs and Appellants, v. FARMERS INSURANCE EXCHANGE et al., Defendants and Respondents.

COUNSEL

Jay S. Rothman and Leon Small for Plaintiffs and Appellants.

Wells, Barber & Sherlock, Donald W. Barber, Hagenbaugh & Murphy and Jeffrey C. Stodel for Defendants and Respondents.

OPINION

**ROTH, P. J.**—On October 29, 1976, Victor Rudder was killed when a Chevrolet van owned and operated by one William Carter in which Victor was a passenger overturned. No automobile insurance with respect to the van or Carter was then in force. Victor, however, was the named insured under four separate automobile liability insurance policies containing uninsured motorist coverage (UMC) in the amount of $15,000 for one person agreeably with statutory requirement (Ins. Code, § 11580.2); two issued by respondent Farmers Insurance Exchange, one by respondent Reserve Insurance Company and one by Twentieth Century Insurance Company, which is not a party to this proceeding.

Each of the policies contained "other insurance" clauses respecting UMC as follows: [RESPONDENT RESERVE:] "With respect to bodily in-

jury to an insured while occupying a highway vehicle owned by the named insured this insurance shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

[RESPONDENT FARMERS:] "With respect to bodily injury to an insured occupying an automobile other than an owned automobile to which Coverage A applies, the insurance hereunder shall not apply if the owner of such automobile has insurance similar to that provided herein.

"Subject to the preceding paragraph, if the insured has other similar insurance available to him, any damages shall be deemed not to exceed the higher of the applicable limits of the respective coverages and such damages shall be pro-rated between such coverages in such proportion as each coverage bears to the total of such limits."

[TWENTIETH CENTURY:] "With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance afforded by this policy shall apply only as excess insurance over any other similar insurance available to such insured, and this insurance shall then apply only in the amount by which the applicable limit of liability of this policy exceeds the sum of the applicable limit of liability of all such other. insurance.

"With respect to bodily injury to an insured while occupying or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable under this policy for a greater proportion

of the applicable limit of liability of this policy than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraphs, if the insured has other similar insurance available to him against a loss covered by this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability afforded by this policy bears to the total applicable limits of liability of all collectible insurance against such loss."

Following Victor's death, appellants submitted a claim to Twentieth Century which paid to them its UMC policy limit. Thereafter appellants presented similar claims to respondents on each of the three remaining policies. When these were rejected, appellants sued for declaratory relief to establish respondents' UMC liability. From the granting of respective summary judgments in respondents' favor, this appeal ensued wherein it is contended appellants should be entitled to recover an additional $15,000 from each of the remaining insurance agreements, for a total UMC payment of $60,000. For the reasons hereinafter set out, we reject the contention and affirm the judgments.

In brief, appellants urge us to accept as the law in this state authority from numerous other jurisdictions which it is maintained supports their argument that public policy mandates an insured covered under more than one insurance policy containing UMC should be able to look to those other insurance policies for payment, to the extent his damages exceed the liability limits of one of them, and that in furtherance of this end we should "invalidate" Insurance Code section 11580.2, subdivision (d).

Our response, likewise in brief, is that when it appears sound precedent exists within our own jurisdiction which requires a particular result, the fact there may be decisions elsewhere which seemingly are at odds is of little moment, and that, in the absence of constitutional or structural deficiency, we are no more at liberty to reject legislation than we are to create it. Such is the case here.

In pertinent part, Insurance Code section 11580.2 provides: "(a)(1) No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle,...shall

be issued or delivered in this state to the owner or operator of a motor vehicle,...unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements specified in Section 16056 of the Vehicle Code insuring the insured, his heirs or his legal representative for all sums within such limits which he or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle.

"     .     .     .     .     .     .     .     .     .     .     .     .

"(c) The insurance coverage provided for in this section does not apply either as primary or as excess coverage to:

"     .     .     .     .     .     .     .     .     .     .     .     .

"(2) To bodily injury of the insured while in or upon or while entering into or alighting from an automobile other than the described automobile if the owner thereof has insurance similar to that provided in this section.

"     .     .     .     .     .     .     .     .     .     .     .     .

"(d) Subject to paragraph (2) of subdivision (c), the policy or endorsement may provide that if the insured has insurance available to him under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and such damages shall be prorated between the applicable coverages as the limits of each coverage bears to the total of such limits."

In *Mid-Century Ins. Co.* v. *Koch* (1970) 11 Cal.App.3d 1019 [90 Cal.Rptr. 280], this division was called upon to determine the propriety of a summary judgment of the same import as those here presented, with the exception there were involved in that instance only two insurance carriers, each of which had issued a policy under which the injured party was an insured, containing "other insurance" clauses virtually identical to those before us.[1]

[1]"(16) OTHER INSURANCE—COVERAGE C (relating to Benefits for Bodily Injury Caused by Uninsured Motorists)
"With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under the Uninsured Motorists Coverage shall apply only as excess insurance over any other similar insurance available to such

Nor are *California State Auto. Assn. Inter-Ins. Bureau v. Huddleston* (1977) 68 Cal.App.3d 1061 [137 Cal.Rptr. 690] or *Security*

---

insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limits of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Uninsured Motorists Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." (*Mid-Century Ins. Co. v. Koch, supra,* 11 Cal.App.3d 1019, 1021-1022.)

It was there concluded: "The trial court sustained respondent's contention that where the insured has other similar insurance coverage, the provisions of Condition 16, [see fn. 1] which conform precisely with the provisions of section 11580.2, subdivision (d) of the Insurance Code, operate to limit the recoverable damages under uninsured motorist coverage to an amount not exceeding the higher of the applicable limits of liability of the policies of insurance providing coverage. Section 11580.2, subdivision (d) of the Insurance Code reads as follows: 'Subject to paragraph (c)(2), the policy or endorsement may provide that if the insured has insurance available to him under more than one uninsured motorist coverage provision, any damages shall not be deemed to exceed the higher of the applicable limits of the respective coverages, and such damages shall be prorated between the applicable coverages as the limits of each coverage bears to the total of such limits.'

"The judgment of the trial court is supported by the quoted statute and by the several California precedents in which the same issue of law has been decided. (*Prieto v. State Farm Mut. Auto. Ins. Co.,* 268 Cal. App.2d 891 [74 Cal.Rptr. 472]; *Darrah v. California State Auto. Assn.* , 259 Cal.App.2d 243 [66 Cal.Rptr. 374]; *Phoenix Assur. Co. v. Larsen,* 240 Cal.App.2d 94 [50 Cal.Rptr. 111]; *Kirby v. Ohio Cas. Ins. Co.,* 232 Cal.App.2d 9 [42 Cal.Rptr. 509]; and *Grunfeld v. Pacific Auto. Ins. Co.,* 232 Cal. App.2d 4 [42 Cal.Rptr. 516].) As stated in *Darrah v. California State Auto. Assn., supra,* 259 Cal.App.2d 243, at page 246: 'It is well established that the rights of Wheatley and Darrah are to be determined by the terms of their policies provided they grant benefits at least equal to those required by the terms of section 11580.2. (*Grunfeld v. Pacific Auto. Ins. Co.,* 232 Cal.App.2d 4, 6 [42 Cal.Rptr. 516].) No contention is made that the policies do not comply with the Insurance Code section. Furthermore, there can be no doubt of the right of the insurance companies to limit, in accordance with section 11580.2, the coverage of their policies, and when they have done so the plain language of the limitations must be respected. (*Continental Cas. Co. v. Phoenix Constr. Co.,* 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914]; *Hendricks v. Meritplan Ins. Co.,* 205 Cal.App.2d 133, 137 [22 Cal.Rptr. 682].) And when the terms of an insurance policy are plain and explicit, the court will indulge in no forced construction so as to cast unassumed liability on an insurance company. (*Jensen v. Traders & General Ins. Co.,* 52 Cal.2d 786, 791 [345 P.2d 1]; *Lewis v. Fidelity & Cas. Co.,* 207 Cal. App.2d 160, 162 [24 Cal.Rptr. 388].)'

"The textbook writers appear to be in agreement that where the claimant is covered by two or more policies containing uninsured motorist coverage, each providing that the damages shall be deemed not to exceed the higher of the applicable limits of the several policies, the claimant's recovery is limited to the amount of the insurance set by the financial responsibility laws as minimum limits. (See Widiss, A Guide to Uninsured

*Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227 [107 Cal.Rptr. 439] to the contrary. Those cases, extensively analyzed in *Interinsurance Exchange of the Automobile Club* v. *Alcivar* (1979) 95 Cal.App.3d 252 [156 Cal.Rptr. 914], dealt with instances where holdings contrary to those actually reached would have resulted in *no* UMC being available to the respective injured claimants, a result deemed in each case both inequitable and at odds with the purpose of section 11580.2, and are accordingly inapposite to the facts present here, where recovery to the extent of statutory limits was obtained.

The judgment is affirmed.

Fleming, J., and Beach, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 13, 1980.

---

Motorist Coverage. pp. 113 et seq., and Eisler, California Uninsured Motorist Law Handbook.)

"Even in the absence of statutory provisions comparable to those of subdivision (d) of section 11580.2 of the California Insurance Code, it has been held in other jurisdictions that provisions in a policy similar to Condition 16 of the policy involved herein limit recovery to the higher of the limits of all coverages available to the insured. (*Horr* v. *Detroit Auto. Inter-Ins. Exchange*, 379 Mich. 562 [153 N.W.2d 655]; *Maryland Cas. Co.* v. *Howe*, 106 N.H. 422 [213 A.2d 420].) The rationale of these decisions is that the purpose of the statutes requiring uninsured motorist coverage is to provide protection only up to the minimum statutory limits for bodily injuries caused by financially irresponsible motorists. The law is not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits. (See also, *M.F.A. Mut. Ins. Co.* v. *Wallace*, 245 Ark. 230 [431 S.W.2d 742, 28 A.L.R.3d 551, 556].)" (*Id.*, at pp. 1022-1023; see also *Allstate Ins. Co.* v. *Shmitka* (1970) 12 Cal. App.3d 59 [109 Cal.Rptr. 53].)