MERIDIAN MUTUAL INSURANCE COMPANY, Appellant,

v.

Lola SIDDONS, Administratrix of the Estate of John A. Schweinhart, Deceased, Appellee.

Court of Appeals of Kentucky.

March 20, 1970.

As Modified April 23, 1970.

J. Walter Clements and G. William Clements, Louisville, for appellant.

D. H. Robinson, Louisville, for appellee.

CULLEN, Commissioner.

In issue on this appeal is the extent of liability, under uninsured-motorist coverage, of an insurer which had issued *two* liability insurance policies to a motor-vehicle owner, one policy covering a passenger automobile and the other covering a pick-up truck. The judgment against the uninsured motorist was for $15,567 (which included $567 for funeral expenses). The circuit court held that the insurer was liable for the full amount of that judgment, under uninsured-motorist coverage, and was liable also for an additional $567 under direct "medical payments" coverage. The insurer maintains that it should be liable only for $10,000 in all.

Ronald Siddons was the named insured in the policies here in question, which were issued by Meridian Mutual Insurance Company. His stepson, John Schweinhart, who was an additional insured, was walking across the street near his home when he was hit and killed by an uninsured-motorist.[1] Judgment was recovered by John's administratrix against the uninsured-motorist. Recovery then was sought against Meridian, and judgment was entered as above indicated. Meridian has appealed.

In the policy covering Siddon's passenger automobile, uninsured-motorist coverage expressly was provided and a premium for that coverage was charged. In the other policy, covering the pick-up truck, there was no mention of uninsured-motorist coverage and no premium for that coverage was charged. (In its answer in this litigation Meridian admitted an allegation of the complaint that *each* of the policies contained uninsured motorist coverage. Meridian sought to amend its answer to plead that only one of the policies had such coverage, but the trial court would not permit the amendment to be made.

[1]. Under Meridian's uninsured-motorist endorsement, members of the named insured's family, residing in his household, were additional insureds, and the uninsured-motorist coverage for them was not restricted to accidents growing out of the use of the *insured* motor vehicle; nor does the statute, hereinafter quoted, seem to contemplate any such restriction. No one in this case argues that there should be any such restriction.

Meridian complains on this appeal that the refusal of the court to permit the amendment was error. We are inclined to agree, as we see no reason why the correct facts should not have been allowed to be pleaded, but any such error could not be prejudicial here because as we view the case it is immaterial whether or not the uninsured-motorist coverage was expressly provided for in the policies.)

■ It is our opinion that each of the policies must be treated as providing uninsured-motorist coverage, because it appears that the applicable statute requires every policy so to do unless the coverage is rejected by the insured in writing. (There is no contention here that Siddons made any such rejection.) The significant part of the statute, KRS 304.682, is as follows:

"(1) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in KRS 187.330(3) under provisions approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject in writing such coverage; and provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where

the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

The required minimum coverages (established by the reference to KRS 187.330(3)) are $10,000 and $20,000.[2]

■ As will be noted, the statute prohibits delivery or issuance for delivery of *a policy* not containing the required coverage (unless rejected in writing). Under the long-established rule, provisions required by statute are treated as being a part of the policy the same as if expressly written therein. Tharp v. Security Insurance Company of New Haven, Ky., 405 S.W.2d 760; Maryland Casualty Company v. Baker, 304 Ky. 296, 200 S.W.2d 757; Prudential Insurance Company of America v. Ragen, 184 Ky. 359, 212 S.W. 123. The rule has been applied specifically to statutorily required uninsured-motorist coverage. See Page v. Insurance Company of North America, 256 Cal.App.2d 374, 64 Cal.Rptr. 89; Kirby v. Ohio Casualty Insurance Company, 232 Cal.App.2d 9, 42 Cal.Rptr. 509; Stevens v. American Service Mutual Insurance Company, D.C.App., 234 A.2d 305.

Meridian argues, however, that even though each of the policies it issued to Siddons be treated as containing uninsured-motorist coverage, the maximum liability of Meridian should be $10,000 in all, because (1) of an "other insurance" clause in its uninsured-motorist coverage agreement, and (2) the intent of the statute is to require only the minimum $10,000–$20,000 coverage for any one insured regardless of the number of policies issued to him.

The "other insurance" clause in Meridian's uninsured-motorist coverage agreement is:

" * * * if the insured has other similar insurance available to him, and

---

2. $10,000 for bodily injury to or death of one person in one accident and $20,000 for bodily injury to or death of two or more persons in one accident.

applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

In substance the foregoing clause, as applied to the situation here existing, would mean that Meridian's total liability under the two policies would be $10,000 (the "higher" limit in this case being the equally high limits of each of the two policies).

The question is: Does the "other insurance" clause violate the statute, KRS 304.682(1), and is it therefore void? In answering this question we necessarily must determine what is the intent of the statute.

■ As we read the statute it plainly requires *each policy* to contain uninsured-motorist coverage of $10,000 and $20,000 (unless rejected in writing by the insured). The only possible ground on which the courts could say that such is not the requirement would be that the requirement is so unreasonable that the legislature surely could not have intended it. We cannot say that the requirement is unreasonable. The legislature very well, and reasonably, could have considered that an insured who had occasion to acquire two liability policies would benefit by having a doubled amount of uninsured-motorist coverage. Actually, uninsured-motorist coverage has a number of aspects of *accident* insurance,[3] and the legislature may have thought that since it can be provided for a relatively small premium in conjunction with a liability policy, the insured should be afforded the additional amount of coverage with each

policy he takes. Meridian's counsel do not point out to us any respect on which the statute is *unreasonable;* they content themselves with arguing that the statute does not intend what it plainly says. We are not persuaded.

It is our conclusion that the quoted "other insurance" clause conflicts with KRS 304.682(1) and therefore is invalid, and that Meridian must be considered under its two policies to have furnished a total coverage of $20,000–$40,000–$10,000. We are supported in this conclusion by a number of decisions from other jurisdictions. See Pulley v. Allstate Ins. Co. (D.C.Va.), 242 F.Supp. 330; Robey v. Safeco Ins. Co. (D.C.Ark.), 270 F.Supp. 473; Sellers v. U. S. Fidelity & Guaranty Co., Fla., 185 So.2d 689; Moore v. Hartford Fire Ins. Co. Group, 270 N.C. 532, 155 S.E.2d 128; Vernon v. Harleysville Mut. Casualty Co., 244 S.C. 152, 135 S.E.2d 841; Bryant v. State Farm Mut. Auto. Ins. Co., 205 Va. 897, 140 S.E.2d 817; Harleysville Mut. Casualty Co. v. Blumling, 429 Pa. 389, 241 A.2d 112. We recognize that there are decisions to the contrary, but we do not find them persuasive. See Maryland Casualty Co. v. Howe, 106 N.H. 422, 213 A.2d 420; Chandler v. Government Employees Ins. Co., 342 F.2d 420; Travelers Indem. Co. v. Wells, 4 Cir., 316 F.2d 770; Grunfeld v. Pacific Auto. Ins. Co., 232 Cal.App.2d 4, 42 Cal.Rptr. 516.

■ Meridian makes, as a separate ground of appeal, the contention that the trial court erred in allowing double recovery for funeral expenses. As stated at the outset of this opinion, the judgment by the administrator against the uninsured motorist included $567 for funeral expenses. Meridian was held liable for the full amount of that judgment, under the uninsured-motorist coverage. In addition, Meridian

3. Particularly since the coverage is not restricted to accidents arising out of the use of the *insured* motor vehicle.

<... >
</...>

was held to be directly liable to the administrator for the amount of the funeral expenses, under the policies' "Medical Payments" coverage. Meridian protests this as being in violation of the following clause contained in its uninsured-motorist endorsement:

"The Company shall not be obligated to pay under this Coverage that part of the damages which the Insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the Medical Payments Coverage of the Policy."

The trouble is that the foregoing clause, the same as the "other insurance" clause, violates KRS 304.682(1) by undertaking to reduce liability below the statutorily required minimum or to impose qualifications on coverage not recognized by the statute. The reasons why the clause is invalid are set forth fully in Stephens v. Allied Mutual Insurance Company, 182 Neb. 562, 156 N.W.2d 133. Other decisions holding such a clause invalid are State Farm Mut. Auto. Ins. Co. v. Carrico, Fla. App., 200 So.2d 265; Tuggle v. Government Employees Ins. Co., Fla., 207 So.2d 674, 24 A.L.R.3d 1343.

Meridian undertakes to distinguish the cases we have relied upon to support our principal holding herein, on the ground that they gave emphasis to the fact that the insured in those cases had paid more than one *premium*, whereas in the instant case Siddons had paid only one premium. We do not find any merit in that distinction because Meridian, being required by the *statute* to offer uninsured-motorist coverage with each policy, was entitled to collect two premiums from Siddons.

The judgment is affirmed.

All concur.