**ZURICH INSURANCE COMPANY,**
a corporation, Appellant,

v.

**Joe HALL, Administrator of Estate of Judy
Ann Hall, Deceased, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellant.

Gess, Mattingly, Saunier & Atchison, Lexington, for appellee.

CASS R. WALDEN, Special Commissioner.

Appellant, one of the defendants below, prosecutes this appeal from a $10,000.00 judgment appellee, plaintiff below, obtained by reason of the uninsured-motorist coverage provision contained in the liability policy of insurance issued by appellant to appellee, wherein appellee and his decedent were designated as insured.

On March 30, 1970, Judy Ann Hall, appellee's decedent, was a passenger in an automobile driven by Debra Gail Mason. The Mason car was going from Versailles toward Lexington in the outside lane of the four-lane highway. Elijah Hayes, an uninsured motorist, drove his automobile alongside the Mason car and while both vehicles were going in the same direction at from forty to forty-five miles per hour, and when Hayes was trying to have a conversation with Debra Gail Mason, the Hayes car "bumped" or slightly collided with the Mason car, after which the Mason car crossed over the median and collided with vehicles traveling in the opposite direction. Judy Ann Hall was killed.

The owner of the Mason car had uninsured motorist coverage in the amount of $10,000.00 with AllState Insurance Company. AllState paid this amount, the limit of its policy, to appellee. The limit of uninsured-motorist coverage in appellee's policy is also $10,000.00.

Prior to filing suit, appellee's attorney had a number of discussions with appellant's adjuster about the claim that was being made against appellant. No progress being made toward settlement and limitation about to run, appellee requested of appellant authority to sue, as the policy so provided. This request was ignored by appellant and on March 24, 1971, only six days before appellee would have been barred, suit was filed by appellee against Elijah Hayes, the uninsured motorist, and appellant. On March 29, 1971, one day before the running of the Statute of Limitations, appellant demanded that appellee file an amended complaint, making Debra Gail Mason and Father Jude Cattelona parties-defendant, which the appellee did. Father Cattelona was the driver of the car that collided with the Mason vehicle after it crossed the median into the path of the oncoming traffic.

By its answer to the complaint as amended, appellant generally denied the material allegations and alleged contributory negligence on the part of appellee's decedent, Judy Ann Hall. Hayes filed no responsive pleading. In due time, and with timely notice to appellant, and without objection on the part of appellant, appellee was granted a default judgment against Hayes as to his liability and he was adjudged to be an uninsured motorist. (CR 55.01).

The case came on for trial before the court on June 6, 1972. Counsel for appel-

lee took the position that it was not necessary, and he did not intend, to introduce proof of negligence on the part of defendant Hayes. He intended to rely on the default judgment previously obtained with respect to this defendant's liability. Counsel further stated that it was appellee's position, based upon his investigation, that defendant Hayes' negligence was solely responsible for the accident. That he had no evidence of negligence on the part of either of the other defendants, Debra Gail Mason or Father Cattelona, and they were only made parties at the request of appellant. Counsel for appellant contended that by the terms of its policy, before it could be held liable, appellee was required to introduce evidence bearing on all issues raised by the pleadings, viz., contributory negligence on the part of appellee's decedent, and negligence of defendants Debra Gail Mason and Father Cattelona. In other words, appellant contends that appellee had the burden of presenting a full-fledged evidentiary trial, notwithstanding the default judgment against defendant Hayes.

The case was tried on the question of damages only. The court found that the estate of Judy Ann Hall had been damaged in the amount of $20,000.00; $10,000.00 of which was adjudged against appellant and Elijah Hayes, Jr., jointly and severally. A motion to dismiss as to defendants Debra Gail Mason and Father Cattelona was sustained.

■ On this appeal appellant contends: First, that the "other insurance" provision of its policy prevents appellee's recovery, because AllState Insurance Company had paid appellee $10,000.00 by reason of the uninsured-motorist coverage in its policy on Debra Gail Mason.

In other words it is appellant's argument that appellee has already recovered under one uninsured-motorist clause, and cannot recover under the same provision of another policy which contains the "other insurance" clause, although his damages exceed the amount paid under the first policy.

Appellant gives two reasons to support his argument. The first and principal argument is that the purpose of the uninsured-motorist statute, KRS 304.682(1), is to provide protection only up to the minimum statutory limits required by KRS 187.-330(3), and not to provide the insured with more or greater insurance protection than would have been available had he been injured by an insured motorist.

Frankly, we see no merit to appellant's argument on this point. In construing the uninsured-motorist statute in Meridian Mutual Insurance Co. v. Siddons, Ky., 451 S. W.2d 831 (1970), we held that an [other insurance] clause in a policy, limiting insured's recovery to the higher applicable limits of liability where the insured had other similar insurance available to him, conflicted with the uninsured-motorist coverage statute and was invalid.

Appellant contends that State Farm Mutual Automobile Insurance Co. v. Mostovych, Ky., 467 S.W.2d 123 (1971), supports its view of the case. In State Farm it was held that "household exclusion" provisions within automobile liability policies were not in derogation of the uninsured-motorist statute or financial responsibility law.

Boiled down, this court, in Meridian, supra, held the "other insurance" provision in an automobile liability policy invalid as being in derogation of the uninsured-motorist statute, but in State Farm, supra, held that the "household exclusion" clause was not. The distinction is that in the former situation it was a reasonable statutory requirement and in the latter the exclusion was permitted as a matter of public policy, arising out of the family relationship.

As appellant points out and cites cases, other jurisdictions have held contra. We believe however and reaffirm that our interpretation of our statute, as set out in Meridian, supra, is in line with the majority view and we think the correct view.

■ Appellant's other argument on this point is that appellee had only paid one

premium and should not be permitted to recover from two policies. This argument is without merit. It is immaterial who pays the premium. If such did have a bearing on the issue, appellant cannot complain because appellee paid the premium on appellant's policy.

Appellant's second ground for reversal is its contention that the default judgment against defendant Hayes, as to liability, should not be permitted to relieve appellee of proving Hayes' legal liability, because appellee, in his complaint, alleged that all three drivers of the vehicles involved were negligent and appellant alleged in its answer that it was without sufficient knowledge as to who was at fault. Appellant relies on the rule that pleaded defenses of one defendant may inure to the benefit of a defaulting defendant where the defense interposed by the answering defendant is not personal to himself, but common to all defendants. Haddad v. Louisville Gas & Electric Co., Ky., 449 S.W.2d 916 (1969).

▆▆ The rule in *Haddad,* supra, is not applicable here because the defaulting defendant is not claiming the protection which appellant's pleading might have afforded him. The defaulting defendant has not complained about the default judgment against him. If appellant had a right to challenge the default judgment against its codefendant by reason of their relationship (Insurer and Insured), such objection should have been raised prior to or at the time of its entry, appellant having due notice thereof. The court was correct on the trial of the case, in not requiring appellee to introduce evidence of the defaulting defendant's negligence when he had already been adjudged liable for the damages. Appellant also argues that it is in the "middle" in a situation such as presented here, because its attorney is not permitted to represent either the insured or the uninsured motorist. O'Bryan v. Leibson, Ky., 446 S.W.2d 643 (1969).

Appellant was a party defendant to the suit. With proper pleadings, there was no reason why appellant, at the trial, could not introduce what evidence it may have had showing negligence on the part of the drivers of the vehicles or contributory negligence on the part of appellee's decedent. Certainly, appellee would not be required or expected to introduce evidence to defeat his own claim, in the total absence of any "coverup" or collusion as between appellee and the defaulting uninsured motorist. Appellee made it clear and plain from the beginning to the end that he had no evidence of anyone's negligence other than the defendant Hayes.

We find no error. The judgment is affirmed.

All concur.