**Donald Vinson BUTLER, Movant,**

v.

**Flossie Viola ROBINETTE and Hager Robinette, Respondents.**

Supreme Court of Kentucky.

May 5, 1981.

David O. Welch and Ralph T. McDermott, Law Offices of David O. Welch, Ashland, for movant.

C. B. Creech and James I. Howard, Creech, Conn & Dill, Ashland, for respondents.

STEPHENS, Justice.

The sole question to be decided on this appeal is whether a provision in an insurance contract existing in 1971 prohibiting the "stacking" of liability insurance policies was void as being violative of the public policy of Kentucky.

The factual background leading to this decision is not in dispute. On December 9, 1971, in Boyd County, movant, Donald Butler, was driving a 1965 Chevrolet which was owned by his father, Mason Butler. He was involved in an accident with an automobile driven by respondent, Flossie Robinette, and owned by the respondent, Hager Robinette. It is stipulated that the sole cause of the accident was the negligence of Donald Butler. It was further agreed that Flossie Robinette was injured in an amount of at least $40,000.

Mason Butler was insured by the Kentucky Farm Bureau Mutual Insurance Company. The relevant coverage under the policy provided *liability insurance* with limits of $10,000 for each person and $20,000 for each accident. Mason Butler, at the time of the accident, also owned a pickup truck which was insured, under a separate policy, by the same insurance carrier with identical liability coverage for which he paid a separate premium. The driver of the car, Donald Butler, at the time of the accident, owned a 1966 Chevrolet and a 1967 Chevrolet. He had a separate liability policy on each of these vehicles, both of which had identical policy limits to those owned by his father and with the same insurance company. He also paid a separate premium on each of these policies.

In May of 1972, the Robinettes sued the Butlers for $815,000 for alleged damages

arising from the accident. During the progress of the litigation, the parties entered into an agreement whereby the insurance carrier, on behalf of Mason Butler, agreed to pay $10,000 to Flossie Robinette under the liability policy covering the 1965 Chevrolet, the car involved in the accident. In addition, the company agreed, on behalf of Donald Butler, the driver, to pay $10,000 under the liability coverage of his 1967 Chevrolet. In addition—and this part of the agreement is the focal point of this appeal—the company agreed to pay an additional $10,000 to Mrs. Robinette under the policy which covered Mason Butler's pickup truck and another $10,000 under the policy which covered Donald Butler's 1966 Chevrolet, *if and only if*, it was judicially determined that said policies, or either of them, permitted the "stacking" or "pyramiding" of these liability policies.

The trial court ruled that the plaintiffs were not entitled to recover under the terms of Mason Butler's second policy covering his pickup truck. The court did rule, however, that the Robinettes could recover the policy limit of $10,000 on Donald Butler's second liability policy, which covered his other car, a 1966 Chevrolet.

Donald Butler appealed to the Court of Appeals that part of the judgments which awarded the Robinettes $10,000 on his policy on his second car. The Robinettes did not appeal the denial of an award on the policy which covered the second vehicle of Mason Butler. Thus, the only issue before the Court of Appeals was the "stacking" of the liability coverage on the driver's second vehicle.

In all four of the insurance contracts involved in the case, the following provision appears:

"2. Limits of Liability

. . . If coverage under more than one policy issued by the Company is applicable to any one accident for the benefit of an insured, the total liability of the Company, under this Division and like Divisions of other policies with this Company, shall not be increased beyond the limits of liability stated in the declaration of the policy of this Company which affords the maximum applicable limits of liability, irrespective of the number of policies in this Company which may be applicable to such loss."

The Court of Appeals declared that the above provision which, in effect, prohibited "stacking" in this case was void as against public policy, said policy allegedly having been established by KRS 187.490(2), which was in effect at the time of the accident, and by the case of *Meridian Mutual Insurance Co. v. Siddons*, Ky., 451 S.W.2d 831 (1970). We disagree.

In the *Siddons* case, supra, relied on heavily by the Court of Appeals, we held that "stacking" of uninsured motorist coverage by the named insured is permitted when there are separate policies for each vehicle covered and when the named insured has not rejected the coverage in writing. In that case, the insurance carrier had issued two liability policies to Siddons, one covering a passenger car and one covering a pickup truck. The automobile policy also contained uninsured motorist coverage, for which a separate, additional premium was paid. The policy on the pickup truck did not provide uninsured motorist coverage nor was a premium charged. We ruled that KRS 304.682(1) (subsequently reenacted as KRS 304.20–020) required each automobile liability insurance policy to contain coverage for uninsured motorists and permitted stacking. The decision rested on the clear mandate of the statute.

In a later case, *Ohio Casualty Insurance Co. v. Stanfield*, Ky., 581 S.W.2d 555 (1979), we, in effect, restricted the "stacking" permitted in *Siddons* to a situation where the named insured actually paid a premium.

In the present case, the Court of Appeals, in declaring public policy, analogized a section of the old Financial Responsibility Law with KRS 304.682(1) so as to make *Siddons* determinative of this case. The statute in question, KRS 187.490(2), which was in ef-

fect in 1971, provided that proof of financial responsibility could be achieved (among other methods) by the purchase of a motor vehicle liability policy. Such policy was mandated by the statute to be an *"owner's or an operator's policy of liability insurance ...."* KRS 187.490(1) (emphasis added). Both the *owner's policy* and the *operator's policy* insured the person, *not the vehicle.* KRS 187.490(2)(b) and KRS 187.490(3). The Court of Appeals declared that each *vehicle,* under the statute, must have the minimum required coverage as set out in the statute.

It is clear that the statute does not require each *policy* to contain the minimum limits set out, but rather that each *vehicle* be covered for these amounts. KRS 187.-490(2)(b). Moreover, under sections (9) and (10) of the statute, an insurance company may limit its liability and prorate its coverage, so long as the total amount from all said policies equals the minimum amount of insurance required. It is obvious from a reading of the entire statute that the minimum policy limits do not mandate a minimum coverage for every policy, but rather requires that each insured and each vehicle be covered by the requisite minimum. This is in sharp contrast to the requirements of KRS 304.682(1), which requires each policy to have minimum benefits.

Since the statutes are entirely dissimilar, in their requirements, the premise upon which the Court of Appeals applied *Siddons* disappears. The statute in this case does not *mandate* "stacking," and *Siddons* is distinguishable and is not controlling. Moreover, this is a case of liability insurance, as opposed to uninsured motorists insurance. We agree with the United States Court of Appeals, Fourth Circuit, in the case of *Emick v. Dairyland Insurance Company,* 519 F.2d 1317 (1975), wherein it rejected the concept of the "stacking" of liability insurance policies.

"Bodily injury liability coverage is linked to the ownership, maintenance or use of an owned automobile or a non-owned automobile by the insured and others to whom the coverage is extended. Its basic purpose has 'always been conceived to be *the protection of the policyholder against loss resulting from legal liability caused by his operation of a motor vehicle'* and, as such, 'pertain[s] fundamentally to the vehicle.'"

. . . . .

Bodily injury liability coverage, with its attendant limits of liability, is therefore designed to attach to whichever automobile an insured happens to be driving, whether that automobile is one of several automobiles listed under the policy or whether it is a non-owned automobile ...

*If any insured is in an accident while he is driving one of the cars described in a policy, covering two or more cars, the liability coverage for bodily injury is not doubled or multiplied by the number of cars in the policy; ...*

*Such an enlargement of possible recovery would be entirely fortuitous and whimsical.* The court should adhere to and enforce the plain limit of liability for a single insured motor vehicle, (if) as plainly stated in the policy." (emphasis added).

*Id.,* at p. 1326, 1327.

For the above described reasons, we find that the public policy of the Commonwealth, as expressed by statute and by precedent of this court, did not void the provisions of the insurance contract which clearly forbade the stacking of the liability policies issued by it.

The decision of the Court of Appeals and the trial court are reversed with direction to enter a judgment in conformity with this opinion.

All concur.