**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**Kellie HAWKINS, A Minor, By and Through her Mother and Next Friend, Evaline HAWKINS; and Evaline Hawkins, Individually, Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1986.

Henry V. Sanders, Rawlings & Associates, Louisville, for appellant.

Michael J. Darnell, O'Bryan, Darnell & O'Bryan, Louisville, for appellees.

Before HAYES, C.J., and HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Kentucky Farm Bureau Mutual Insurance Company appeals from a decision of the Jefferson Circuit Court which entered a summary judgment allowing Hawkins to stack uninsured motorist coverage. We agree with the circuit court's decision and affirm.

On September 28, 1984, Kellie Hawkins was injured while riding as a passenger in an uninsured vehicle. The Hawkinses had purchased three automobile policies with Kentucky Farm Bureau. On two of the policies, Haskell Hawkins, Kellie's father, is listed as the "Named Insured." The third policy was issued to Haskell Hawkins, Jr., as "Named Insured," and his father was shown as a "listed driver." Kellie and Evaline Hawkins filed a motion for summa-

ry judgment requesting the court to allow them to stack the uninsured motorist coverage provided by the three policies. On March 5, 1986, the circuit court granted the Hawkinses' motion and Kentucky Farm Bureau appeals.

Stacking of uninsured motorist policies was first permitted in *Meridian Mutual Insurance Co. v. Siddons,* Ky., 451 S.W.2d 831 (1970). *Siddons* concerned a case where the named insured had paid the premium for two vehicles and sought to stack the coverages under the two policies. The *Siddon* court held that since Kentucky law required each automobile policy to contain uninsured motorist coverage of $10,000 for each person and $20,000 for each accident, the named insured could recover under each policy.

In *Ohio Casualty Insurance Co. v. Stanfield,* Ky., 581 S.W.2d 555 (1979), the Supreme Court distinguished between two classes of insureds. The court held that insureds of the first class could stack uninsured motorist policies whereas insureds of the second class could not. In *Stanfield,* the insurance policy contained the following provision:

Persons insured

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;

(b) any other person while occupying an insured highway vehicle; and

(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

*Stanfield,* at 557.

The *Stanfield* court held that insureds which fell under subdivision (a) of the policy were insureds of the first class and therefore were permitted to stack the uninsured motorist coverage from several policies. However, those who fell under the definition "other person" were insureds of

the second class because "it is clear that their protection is confined to damages from injury inflicted by an uninsured motorist while they are 'occupying an insured highway vehicle.'" *Id.* In *Stanfield,* a policeman was injured while riding on a city motorcycle which collided with an uninsured vehicle. The policeman was attempting to stack the uninsured motorist coverages on all of the vehicles for which the city had procured insurance. The court held that since the policeman was an insured under subdivision (b) of the insurance policy, he could only collect the uninsured motorist benefits for the vehicle that he was occupying when the accident occurred.

In the present case, Kentucky Farm Bureau's policy states:

"Insured" means: (1) the named insured and, if the named insured is an individual or husband and wife, a relative; (2) any other person while occupying an insured automobile; and (3) any person, with respect to damages he is entitled to recover because of bodily injury, to which this endorsement applies, sustained by an insured under (1) or (2) above.

"Relative" means a person related to the named insured by blood, marriage or adoption who is a resident of the same household.

Kentucky Farm Bureau's definitions are similar to those involved in the *Stanfield* case. In applying *Stanfield* to the present case, we find that Kellie Hawkins is an insured of the first class. As such, she is entitled to stack the uninsured motorist coverage of each of the three policies which were in effect at the time of the accident. In *Stanfield,* the court stated:

Stanfield is entitled to stack the uninsured motorist coverages contained in his own Buckeye Union policy. This is consistent with the public policy of our statute requiring the provision of uninsured motorist coverage in each automobile liability policy. He paid separate premiums on separate vehicles. The principle of reasonable expectations supports his

right to stack coverages under these facts.

*Stanfield,* at 559. In the present case, the Hawkinses paid premiums for uninsured motorist coverage on three separate vehicles. As such, we hold that the circuit court's decision allowing stacking was proper.

Accordingly, we affirm the decision of the Jefferson Circuit Court.

Further, pursuant to 2(a) of the Order Designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.