CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff-Appellant,

v.

TRANSPORT INDEMNITY COMPANY et al., Defendants-Appellees.

No. 73–1461.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 15, 1973.

Decided Dec. 10, 1973.

Ray R. Christensen, Salt Lake City, Utah, for plaintiff-appellant.

Leonard H. Russon, Salt Lake City, Utah, for defendant-appellee Transport Indemnity Co.

Before HILL and BARRETT, Circuit Judges, and SMITH,* District Judge.

HILL, Circuit Judge.

This is a dispute between two insurance companies as to which is the primary insurer on the accident here under consideration.

Andico, Inc., is a Utah corporation having its office and principal place of business in that state. Ringsby Truck Lines, Inc., is a Nebraska corporation having its office and principal place of business in Colorado. Ringsby's principal business is the transportation of goods for hire throughout the United States, and as such operates under authority granted by the Interstate Commerce Commission to transport goods in interstate commerce. Andico and Ringsby entered into a written lease whereby Andico leased a truck tractor and a trailer to Ringsby for the purpose of hauling certain cargo from Salt Lake City, Utah, to Los Angeles, California. The lease provided, inter alia, the following:

> Lessor agrees to be responsible for and pay driver's salary, workmen's compensation coverage, and all taxes, state, federal or local, based on payroll, and all other expenses incident to driver's employment. Lessor agrees to indemnify and save harmless Lessee against any loss resulting from the injury or death to such drivers. The Drivers of the said equipment

---

* Honorable Talbot Smith, Eastern District of Michigan, sitting by designation.

shall at no time be an employee of lessee.

Lessor agrees to indemnify and save harmless the Lessee from any loss, damage or happening giving rise to any claim from Third parties against Lessee. . . .

It is understood that the leased equipment under this agreement is in the exclusive possession, control and use of the Lessee during the period of this lease, and the Lessee assumes full responsibility in respect to the equipment operation to the public, the shippers, the Interstate Commerce Commission and other concerned state and regulatory bodies. It is agreed, however, that Lessor shall carry acceptable Public Liability and Property Damage Insurance in sufficient amounts to indemnify, hold harmless and reimburse Lessee for any and all losses incurred and sustained by Lessee which may result from the use of the said equipment.

Prior to the execution of the lease Carolina Casualty Insurance Company, a Florida corporation qualified to engage in the insurance business in the State of Utah, had in force and effect a policy of public liability insurance issued in the name of Andico. The policy afforded public liability insurance coverage for certain vehicles owned by Andico, including the truck tractor and trailer leased to Ringsby. The policy contained an endorsement in the language of ICC form B.M.C. 90, required by the ICC rules and regulations to be attached to all policies issued to motor carriers. That endorsement provides:

In consideration of the premium stated in the policy to which this endorsement is attached, the Company hereby agrees to pay, within the limits of liability hereinafter provided, any final judgment recorded against the insured for bodily injury to or death of any person, or loss of or damage to property of others . . . resulting from negligence in the operation, maintenance, or use of motor vehicles under certificate of public convenience and necessity or permit issued to the insured by the Interstate Commerce Commission. . . .

Within the limits of liability . . . it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy . . . shall relieve the Company from liability hereunder. . . .

The policy issued by Carolina contained two other clauses pertinent to this case. The first is an excess insurance clause which provides:

With respect to any automobile of the commercial type while leased or loaned to any person or organization, other than the named insured, engaged in the business of transporting property by automobile for others . . . the insurance shall be excess insurance over any other valid and collectible insurance.

The second clause of importance is an omnibus coverage clause which provides that an insured under the policy includes not only the named insured but also includes any person or organization legally responsible for the use of the automobile, if the use is with the named insured's permission.

At the same time, Transport Indemnity Company had in force and effect a policy of public liability insurance naming Ringsby as the named insured. Transport's policy contained no omnibus coverage clause, but did contain an excess insurance clause and an endorsement in the language of ICC form B.M.C. 90 (identical to Carolina's). Transport had filed a certificate with the ICC certifying the issuance of the policy.

It is in this setting that Lamoine Freeze, an employee of Andico, while driving the truck tractor and trailer leased to Ringsby, was involved in a collision with other vehicles on U.S. Highway 91 near Levan, Utah. As a result of the accident several persons sustained severe injuries and others were killed. The heirs of the deceased persons threatened to sue Ringsby, Freeze and

Andico to recover for the wrongful death of their decedents. Persons injured threatened to sue the same parties to recover damages for personal injuries.

Both Carolina and Transport deny all coverage on the accident. Both have refused to enter into negotiations for settlement and both have declared they will refuse to defend any action which may be commenced against Ringsby, Freeze, or Andico, or to pay any damages which may be awarded. Each contends the other has the primary insurance and the responsibility to negotiate for settlement and defend any actions.

Carolina subsequently brought this declaratory judgment action for an adjudication of the relative rights and duties of itself and the several defendants. After the facts were stipulated to by the parties, Carolina and Transport moved for summary judgment. The trial court granted judgment for Transport, holding Carolina's policy to be primary. Carolina appeals.

Carolina's position on appeal is as follows: (1) Freeze was not a permissive user under the omnibus clause and thus not an insured under its policy, and the policy provides no coverage for Ringsby; and (2) neither the excess coverage provision in its policy nor the indemnifying provision in the lease between Andico and Ringsby can exonerate Transport because under Argonaut Insurance Co. v. National Indemnity Co., 435 F.2d 718 (10th Cir. 1971), and Hagans v. Glens Falls Insurance Co., 465 F.2d 1249 (10th Cir. 1972), the required ICC endorsement makes Transport the primary insurer.

Transport contends Carolina's policy is primary because its own policy, containing no omnibus clause, insures only Ringsby. Contending Freeze is an insured under Carolina's policy, Transport claims Ringsby's liability, if any, is derivative based upon the negligence of Freeze. Transport then claims Ringsby has a right of indemnification from Freeze, Andico and their insurer, Carolina, for any judgment against Ringsby.

Since Carolina would be the insurer ultimately liable, Transport urges Carolina's policy should be held primary to avoid circuity of action.

Both Argonaut Insurance Co. v. National Indemnity Co., supra, and Hagans v. Glens Falls Insurance Co., supra, involve disputes between two insurance companies over coverage. In *Argonaut,* Argonaut's named insured was Auto Driveaway Company and National's named insured was Executive Car Leasing Company. Executive hired Driveaway to transport a vehicle from one state to another and in the process of so doing Driveaway's driver was involved in an accident. Both insurance companies denied primary coverage because both policies contained excess coverage provisions. Argonaut was held to be the primary insurer because its policy contained the ICC endorsement stating no condition, provision, stipulation or limitation in the policy would relieve the company from liability.

In *Hagans,* Far-Go Van Lines leased equipment from Ryder Truck Rental, Inc. The lease required Ryder to procure insurance for the vehicle naming Far-Go as an additional insured. Far-Go also agreed to indemnify Ryder. Liberty Mutual Insurance Company insured Ryder, and the policy afforded additional coverage for Far-Go. Glens Falls insured Far-Go and its employees; the policy contained an ICC endorsement. Relying upon *Argonaut,* this Court held Glens Falls to be the primary insurer because of the endorsement.

In *Argonaut* and *Hagans,* however, only one insurance policy contained an ICC endorsement. In the case before us, both insurance policies contain ICC endorsements. Carolina contends its endorsement is not applicable, thus seeking to come within *Argonaut* and *Hagans.* The endorsement requires Carolina to pay any final judgment recovered against the insured for negligence in the operation of a motor vehicle under certificate of public convenience or permit issued the insured. Carolina contends the truck tractor and trailer under lease

from Andico to Ringsby were being operated under Ringsby's ICC permit, and that Ringsby was not an insured under Carolina's policy. Thus, urges Carolina, its endorsement is inapplicable, leaving only Transport's endorsement to be considered.

 Is Ringsby an insured under Carolina's policy? Transport looks to the provision in the lease requiring Andico to obtain acceptable public liability and property damage insurance, and answers in the affirmative. However, the primary insurer should be determined by looking to the insurance contracts and not by relying upon terms and provisions found not in them but in a lease agreement between the named insureds. Hagans v. Glens Falls Ins. Co., supra. Rather, the omnibus provision of Carolina's policy makes Ringsby a Carolina insured. The provision names as insureds not only Andico, the named insured, but also any person or organization legally responsible for the use of the vehicle, if such use is with the permission of the named insured. The lease between Andico and Ringsby establishes the fact that Ringsby's use of the truck tractor and trailer was permissive. And 49 C. F.R. 1057.4(a)(4) establishes Ringsby's legal responsibility. This regulation requires that every agreement leasing a truck to an interstate carrier:

> Shall provide for the exclusive possession, control, and use of the equipment, and for the complete assumption of responsibility in respect thereto, by the lessee. . . .

 Freeze also was an insured under Carolina's omnibus coverage provision. Carolina contends Andico could not give Freeze permission to use the unit because it was in the exclusive possession and control of Ringsby. But Freeze's use was permissive, implied if not express. Freeze was an employee of Andico. The lease between Andico and Ringsby required Andico to provide a driver. Clearly, Freeze was a permissive user, and Freeze was insured only under Carolina's policy. Transport's

policy contained no omnibus coverage clause.

 Carolina contends Freeze, although a general employee of Andico, was a special employee of Ringsby. We agree. See Pacific Nat'l Ins. Co. v. Transport Ins. Co., 341 F.2d 514 (8th Cir. 1965). No cases from this circuit or from Utah appear to be contrary. Ringsby had full control over the truck tractor and trailer, and over Freeze. Ringsby's liability, if any, is vicarious; if Ringsby should be found liable it would have the right to proceed by indemnification against Freeze. As Ringsby's subrogee, Transport could then sue Freeze, a permissive user under Carolina's policy, ultimately recovering against Carolina. Based on the above, and to avoid circuity of action, we hold Carolina's policy to be primary. The judgment of the trial court is affirmed.