**State Farm Mut. Auto. Ins. Co.
v. Northbrook Ins. Co.
Case No. 11593
Montgomery County, (2nd)
Decided February 5, 1990**
[Cite as 1 AOA 69]

*John A. Smalley, 367 West Second Street, Dayton, Ohio 45402, Attorney for Plaintiff-Appellee*

*James V. Heath, 606 Lila Avenue, Milford, Ohio 45150, Attorney for Defendant-Appellant*

WILSON, J.

The plaintiff-appellee, State Farm Mutual Automobile Insurance Company, is the automobile insurance carrier for Patricia Richey.

Ms. Richey's automobile was damaged in an accident in October 1984. While her vehicle was being repaired she rented a vehicle from Adjusters Auto Rental. Adjusters' insurance carrier is the defendant-appellant, Northbrook Insurance Company.

On November 9, 1984, Ms. Richey, while operating her Adjusters rental vehicle, was involved in an accident with Vanessa Orr. Ms. Orr's damage claim against Richey was defended by State Farm. Ultimately State Farm settled the claim for $7,500, and filed a complaint for indemnification against Northbrook.

Northbrook has appealed from the order granting State Farm summary judgment.

There is one assignment of error:

THE TRIAL COURT ERRED IN SUSTAINING THE FINDINGS OF THE REFEREE THAT THE NORTHBROOK POLICY PROVIDED PRIMARY INSURANCE COVERAGE AND THAT THE RENTAL AGREEMENT BETWEEN ADJUSTERS AND THE STATE FARM INSURED HAD NO LEGAL EFFECT ON THE NORTHBROOK COVERAGE.

If the two insurance policies alone are considered and construed together, there appears to be no dispute on the finding that the Northbrook policy is primary. However, Northbrook contends that the rental agreement between Adjusters and Richey required the trial court to conclude that State Farm's policy is primary.

The rental agreement between Adjusters and Richey became effective November 7, 1984. In addition to the rental charges, Richey agreed to pay a fee of $4 per day for full collision coverage on the rental vehicle. The contract provides that if the customer elects to pay the fee, Adjusters agrees not to hold the customer responsible for the first $750 of damage to the rental vehicle.

On the front page of the contract, there appears the following provisions:

TYPE OF PROTECTION PROVIDED
A. None - Customer and/or his insurance company provide all primary insurance under the temporary substitute provision of customers insurance policy.
B. Adjusters hereby agrees to provide physical damage protection to this vehicle subject to a $750.00 deductible.

Provision numbered 10 of the rental agreement provides:

"In the case where (A) of side 1 applies: No primary liability coverage nor excess coverage nor insurance in any form shall be afforded customer under this contract."

The referee found "that when Ms. Richey checked Box A, she entered into an agreement with Adjusters which had no legal effect on the insurance contract between defendant Northbrook and Adjuster."

The trial court followed the recommendation of the referee and did not consider the terms of the auto rental agreement in determining the Northbrook coverage to be primary.

Part IV of the Northbrook's policy is entitled "Liability Insurance." Section C of Part IV is entitled "We will not cover-Exclusions."

"This insurance does not apply to:

1. Liability assumed under any contract or agreement."

Generally, insurance coverage is determined by looking at the terms and provisions of the insurance contracts, not by the lease agreements between the named insureds. *Carolina Casualty Insurance Co.* v. *Transport Indemnity Co.* (C.A. 10 1973), 488 F. 2d 790. "[T]he intent to incorporate additional papers into an insurance policy must be plainly manifest." *Taylor* v. *Kinsella* (C.A.2 1984), 742 F. 2d 709 (1984).

The provision in Part IV of the Northbrook policy which specifically excludes from coverage liability assumed by the insured under a

contract not defined in the policy may be referred to as a "contractual exclusion clause." This clause operates to relieve the insurer from liability where the insured's liability to a third person would not exist except for their express contract but has no effect where the insured's liability arises separately from or coextensively with the express contractual liability. Annotation (1959), 63 A.L.R. 2d 1122; 12 Couch on Insurance (2 Ed. Rev. 1981), 60, Section 44A:38. This provision does not apply in this case because Northbrook's insured, Adjusters, did not assume additional liability in its contract with Ms. Richey. See *National Indemnity Co.* v. *Ryder Truck Rental Inc.* (Fla. App. 1985), 472 So. 2d 856; *Hudson River Concrete Products Corp.* v. *Callanan Road Improvement Co.* (1957), 5 App. Div. 2d 49, 168 N.Y. Supp. 2d 801.

We agree with the trial court that the rental agreement between the insureds had no legal effect on the insurance policy between Northbrook and Adjusters. Consequently, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

BROGAN, J., and FAIN, J., concur.