**RAILHEAD FREIGHT SYSTEMS, INC.,**
**Plaintiff–Appellee,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Defendant–Appellant.**

**No. 89–5076.**

United States Court of Appeals,
Tenth Circuit.

Feb. 1, 1991.

Dale F. McDaniel, Tulsa, Okl., for defendant-appellant.

Brad Smith of Knowles, King and Smith, Tulsa, Okl., for plaintiff-appellee.

Before McKAY, McWILLIAMS and EBEL, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

In this diversity case, United States Fire appeals from a summary judgment. The single issue on appeal is which of two trucker's insurance policies, both of which contain an ICC endorsement, is the primary policy covering an accident that occurred in Mayes County, Oklahoma. The parties stipulated to the relevant facts.

Kroblin Refrigerated Xpress, Inc. leased both a truck and driver from a partnership called Group Three Investments, pursuant to an "Independent Contractor Operating Agreement." The truck was owned by Melvin Hutchison, who had given leasing authority to Group Three. The driver was employed by Railhead Freight Systems, Inc. While operating the truck on Kroblin's business, the driver was involved in an accident that resulted in one death and injuries to three other people. The parties stipulated that the driver was "solely responsible for the cause of the accident." Record, vol. 1, doc. 6 at 3.

Two applicable insurance policies were in effect at the time of the accident. Kroblin was insured by United States Fire. Railhead and Mel Hutchison (son of Melvin Hutchison, the truck's owner, and a partner in Group Three) were insured by Integral Insurance Company. United States Fire settled the lawsuits resulting from the accident for the total sum of $860,000.00.

In a consolidated case before the United States District Court for the Northern District of Oklahoma, both Integral's insured and United States Fire sought a declaratory judgment to determine which policy provided primary coverage of the accident. The district court granted summary judgment for Integral. It held that United States Fire's policy was primary and Integral's policy excess, and awarded Integral its attorney's fees.

United States Fire appeals the judgment of the district court. It asserts two main arguments: 1) the ICC endorsements attached to both policies render Integral's policy primary or, at least, co-primary; and 2) Group Three indemnified Kroblin in the Independent Contractor Operating Agreement, rendering Integral's policy primary. Integral responds that the ICC endorsement in its policy issued to the lessors is inapplicable because the truck and driver were operating under the lessee's operating permit. Integral also contends that the lessee's policy, even absent the ICC endorsement, by its terms provides primary coverage of the accident.

Our standard of review is *de novo.* We apply the same standard as the district court: whether any genuine issue of material fact is in dispute and, if not, whether the moving party is entitled to judgment as a matter of law. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). Because the parties stipulated to the operative facts, we limit our review to determine whether the substantive law was correctly applied and the policy language correctly interpreted. *Id.*

The wording of the parties' insurance policies are practically identical. Both contain a standard ICC endorsement that re-quires the insurer to pay "any final judgment" against the insured "resulting from negligence in the operation, maintenance, or use of motor vehicles subject to [certain parts of the] Motor Carrier Act of 1980...." The endorsement also stipulates that nothing in the insurance policy can relieve the insurer of this liability. Record, vol. 1, doc. 9 at 2. This endorsement is attached to insurance policies covering interstate motor carriers operating pursuant to ICC authority. *See* 49 U.S.C. § 10927 (1988); 49 C.F.R. § 1043.1 to .11 (1989).

In *Empire Fire & Marine Ins. Co. v. Guaranty Nat'l Ins. Co.,* 868 F.2d 357 (10th Cir.1989), we held that an ICC endorsement in a lessee's insurance policy does not automatically render that policy primary over all other insurance policies that do not contain a similar provision. This court in *Empire* therefore held that a lessee's policy containing an ICC endorsement was only co-primary with a lessor's policy which did not contain an endorsement but otherwise provided primary coverage. United States Fire argues that under the rationale of *Empire,* the addition of the ICC endorsement creates primary liability for both policies. It reasons that Integral is therefore at least a co-primary insurer.

*Empire* does not provide specific guidance for this case, however, where both the lessor's and lessee's policies contain ICC endorsements. In an earlier case, *Carolina Casualty Ins. Co. v. Transport Indem. Co.,* 488 F.2d 790 (10th Cir.1973), we examined the primary liability between two policies, both containing ICC endorsements. The lessor in *Carolina,* like the lessor here, argued that the ICC endorsement in its policy was not applicable because the truck was operating under the lessee's ICC permit. The *Carolina* court did not reach that issue, however, because it found that the lessor would be ultimately liable for the accident even absent the ICC endorsement. To avoid circuity of action, the court then held the lessor's insured liable to the injured party. *Carolina,* 488 F.2d at 794.

■ In *Empire*, 868 F.2d at 365, this court characterized the *Carolina* decision as holding that "[t]he ICC endorsements in both policies were not determinative because they effectively neutralized each other." We need not raise that characterization to a rule of construction here. After reviewing the language of the policies issued by United States Fire and Integral, we find that United State's Fire's policy, by its own terms, is primary. Like our decision in *Carolina*, therefore, we do not reach the issue of whether an ICC endorsement contained in a lessor's policy is effective when the truck is operating under a lessee's ICC permit. Under either rationale, the lessee's policy is the primary policy covering the accident.

Both policies contain an "Other Insurance" clause, which states: *

1. This policy's liability coverage is primary for any covered auto while hired or borrowed by you and used exclusively in your business and over a route or territory, if any, you are authorized to serve by public authority. This policy's liability coverage is excess over any other collectible insurance for any covered auto while hired or borrowed from you by another trucker....

    \*    \*    \*    \*    \*    \*

3. Except as provided [ ] above, this policy provides primary insurance for any covered auto you own and excess insurance for any covered auto you don't own.

This language, unaltered by the ICC endorsement, describes United States Fire's policy as primary for the truck Kroblin rented *from* Group Three, and Integral's policy as excess for the truck rented *by* Group Three and Melvin Hutchison.

The policies also contain the following language:

None of the following is an insured:

1. Any trucker ...

   b. If the trucker is insured under an auto liability policy which does not insure on a primary basis the owners of the autos and their agents and employees while the autos are being used exclusively in the trucker's business and over a route or territory the trucker is authorized to serve by public authority.

By this language, both policies deny coverage to other truckers that do not supply primary insurance for the owners of leased vehicles the truckers use in their own business. Since both policies do provide for owner/agent coverage (see paragraph 4 quoted below), and since both named insureds are truckers, both policies provide excess coverage for the other's insured. Nonetheless, the policies provide excess coverage only if the truckers themselves provide primary coverage, and only while the covered vehicles are being used in the trucker's own business.

Additionally, United States Fire's policy, primary by its own terms, insures not only Kroblin, but the driver, Railhead, Group Three, and Melvin Hutchison as well. The applicable language of the policies in the "Who is Insured" section provides, in relevant part:

1. You are an insured for any covered auto.

2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except: (exceptions not applicable).

    \*    \*    \*    \*    \*    \*

4. The owner or anyone else from whom you hire or borrow a covered auto[ ] is an insured while the covered auto:

   a. Is being used exclusively in your business, and

   b. Is being used over a route or territory you are authorized to serve by public authority....

5. Anyone liable for the conduct of an insured described above is an insured but only to the extent of that liability.

Under paragraph 2, both policies cover the driver because he was a permissive user relative to both Kroblin and Railhead.

---

* We quote from Integral's policy here. United States Fire's policy language differs slightly, but, substantively, is identical.

Record, vol. 1, doc. 6 at 3. Under paragraph 4, United States Fire's policy covers Melvin Hutchison and Group Three as the owner and lessor of the truck. Under paragraph 5, United States Fire's policy covers Railhead, as the driver's employer.

■ United States Fire nevertheless argues that the Independent Contractor Operating Agreement contains language that indemnifies its insured, Kroblin, and that the indemnification should render Integral's policy primary. Primary coverage between insurance policies, however, is not determined by contractual arrangements between their insureds not covered under their policy. *Carolina*, 488 F.2d at 794. We have also considered the remaining arguments tendered by United States Fire and find them to be unpersuasive.

The judgment of the United States District Court for the Northern District of Oklahoma is therefore AFFIRMED.