936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Harry G. GUST, Jr., Plaintiff-Appellant,
v.
The COLEMAN COMPANY, Defendant-Appellee.
 No. 90-3243.
 United States Court of Appeals, Tenth Circuit.
 July 2, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order granting summary judgment to defendant on plaintiff's claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1132(a)(1)(B), to recover disability pension benefits from plaintiff's employer and its pension plan.
 
 
 3
 The facts, as set forth in the district court's opinion, Gust v. Coleman Co., 740 F.Supp. 1544, 1546-47 (D.Kan.1990), are undisputed on appeal. In brief, the administrator of the plan reduced plaintiff's plan benefits by the amounts plaintiff has and continues to receive from the Workers' Compensation Fund of the State of Kansas, based on its interpretation of a set-off provision in the plan. Plaintiff disagrees with this interpretation.
 
 
 4
 On appeal, plaintiff contends that 1) the district court erroneously applied a deferential standard of review to the plan administrator's interpretation of the set-off provision, and 2) even under a deferential standard, that interpretation is unreasonable.
 
 
 5
 Our standard of review on summary judgment is de novo, applying the same standard as the district court. Where the facts are undisputed, our review is limited to determining whether the substantive law was correctly applied by the district court. See Railhead Freight Sys., Inc. v. United States Fire Ins. Co., 924 F.2d 994, 995 (10th Cir.1991).
 
 
 6
 The parties acknowledge that the standard of review in this case is governed by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). They differ only as to the result of applying the Bruch decision to the language of the plan. We have reviewed the plan provisions pertinent to the level of deference paid the plan representatives and the substantive provision concerning offset. See Gust, 740 F.Supp. at 1546-47, 1549-50. Based upon the Supreme Court's holding in Bruch and our recent decisions construing similar plan language, we agree with the district court that the plan language authorizing the administrator to determine benefit eligibility constitutes a grant of discretionary authority sufficient to warrant deferential review. See Bruch, 489 U.S. at 115; Woolsey v. Marion Laboratories, Inc., No. 90-6011, slip op. at 7-9 (10th Cir. June 4, 1991) ; Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 657 n. 7 (10th Cir.1990). See also Baker v. United Mine Workers of Am. Health & Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991) (discretionary authority to determine benefit eligibility warranted deferential review); Richards v. United Mine Workers of Am. Health & Retirement Fund, 895 F.2d 133, 135 (4th Cir.1990) (same); De Nobel v. Vitro Corp., 885 F.2d 1180, 1185 (4th Cir.1989) (authority to determine benefits and resolve questions of interpretation warranted deferential review). But see Ziaee v. Vest, 916 F.2d 1204, 1206-07 (7th Cir.1990) (authority to make decisions about benefits did not implicate discretion to construe terms), cert. denied, 111 S.Ct. 1581 (1991); Baxter ex rel. Baxter v. Lynn, 886 F.2d 182, 188 (8th Cir.1989) (same).
 
 
 7
 Benefit decisions by plan administrators which warrant deference are reviewed under the arbitrary and capricious standard, rather than the abuse of discretion standard applied by the district court. See Pratt, 920 F.2d at 657-68. It is well-established in this circuit that we will uphold benefit decisions of plan representatives unless the decision is arbitrary and capricious, not supported by substantial evidence or incorrect on the law. Woolsey, slip op. at 7 (citing cases). However, we agree with the district court that, under the reasonableness inquiry called for by Bruch, 489 U.S. at 111, the administrator's interpretation of the plan set-off provision survives scrutiny.[1]
 
 
 8
 The plan calls for set-off of amounts "for which the Company ... is liable pursuant to Workers' Compensation ... laws." The administrator interprets the word "liable" in this language to encompass the Kansas Workers' Compensation Fund payments being made to plaintiff because Coleman is liable for contributions made to that state fund. Plaintiff contends that his workers' compensation payments should not be deducted from his plan benefits because Coleman is not directly liable for them. Defendant asserts that plaintiff's interpretation would result in double payment to certain injured workers and not to others, in violation of a nondiscrimination provision in the plan.[2]
 
 
 9
 Though the plan administrator's interpretation of the set-off provision is not the most natural interpretation, it is sufficiently justified when viewed against the employer's actual and potential liability under workers' compensation and a backdrop of the entire plan and its purpose. See Bruch, 489 U.S. at 111 (deferential standard of review); Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 514 (1981) (approving integration of benefits). The interpretation contradicts no stated goals of the plan, is consistent with the nondiscrimination provision, and complies with the requirements of ERISA. The language of section 4.7 of the plan does not clearly compel an opposite result.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff argues, for the first time on appeal, that a conflict of interest between the plan administrator and Coleman should be considered in our deferential review. See Bruch, 489 U.S. at 115. We decline to consider matters not argued before the district court. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989)
 
 
 [2]
 Plaintiff receives payments from the Kansas Workers' Compensation Fund because his disability resulted from a preexisting condition. Gust, 740 F.Supp. at 1546