963 F.2d 383
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Judi WATSON, Plaintiff-Appellant,
v.
BALCOR PROPERTY MANAGEMENT, doing business as Sun Ridge
Apartments, Defendant-Appellee.
 No. 91-6338.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from summary judgment entered by the district court for Defendant in this negligence action brought to recover damages for a criminal attack on Plaintiff in an apartment she leased from Defendant. The district court held that Plaintiff's own conduct on the night of the attack--sending a date home and remaining in the apartment after her attacker, a former boyfriend, had already made his criminal intrusion into the apartment known--constituted an intervening, superseding cause of her injury, relieving Defendant of any potential liability for its alleged negligence in failing to provide promised security services to prevent such intrusions on the premises.
 
 
 3
 We review a summary judgment decision de novo under the same standard used by the district court, i.e., we must determine whether any genuine issue of material fact is in dispute and, if not, whether the moving party is entitled to judgment as a matter of law. Railhead Freight Sys. v. United States Fire Ins. Co., 924 F.2d 994, 995 (10th Cir.1991). Where, as here, the operative facts are uncontroverted, we need determine only whether the district court correctly applied the appropriate substantive law. Id. at 995. We hold that it did and, accordingly, affirm for substantially the reasons stated in its order granting summary judgment.
 
 
 4
 The district court listed the following facts as undisputed, a characterization the parties have not challenged on appeal:
 
 
 5
 (1) On Saturday, February 10, 1990, Plaintiff, Judi Watson (hereinafter Watson), entered into an Apartment Lease Agreement with Sun Ridge Apartments, which included an additional agreement for the provision of an intrusion alarm system.
 
 
 6
 (2) At approximately 6:30 p.m., on February 13, 1990, Watson realized that the intrusion alarm had not been activated before she went out on her date with Mr. Alexander.
 
 
 7
 (3) When Watson and Mr. Alexander came back to Watson's apartment, Mr. Alexander went to the bathroom. At that time Mr. Nabors, the acquaintance-intruder, emerged from behind the sofa.
 
 
 8
 (4) After discovering Mr. Nabors, there was nothing preventing Watson from leaving the apartment or requesting help.
 
 
 9
 (5) Watson then told Mr. Alexander that everything was fine, and asked Mr. Alexander to leave.
 
 
 10
 (6) After Mr. Alexander left, Mr. Nabors criminally attacked Watson.
 
 
 11
 District Court Order of September 9, 1991, at 1-2 (record citations omitted). Under these circumstances, the district court concluded that Plaintiff's perplexing decision to eschew the various available means of securing her own safety and thereby enable the intruder to remain alone with her in the apartment constituted a superseding cause of her subsequent injury.
 
 
 12
 We agree with the district court's assessment of the case. Although undeniably linked to some extent with Defendant's alleged negligence in facilitating the intruder's entry into the apartment, Plaintiff's conduct nevertheless satisfied the criteria for a superseding cause, severing Defendant's legal responsibility for the unfortunate consequences that followed. Briefly put, the undisputed evidence established that Plaintiff's conduct was (1) neither an invited nor ordinary response to the danger created by the intruder's presence, (2) sufficiently instrumental to be deemed an adequate and direct cause of her injury by the intruder, and (3) not reasonably foreseeable from the standpoint of Defendant. See Henry v. Merck & Co., 877 F.2d 1489, 1495 (10th Cir.1989) (reciting and applying Oklahoma's three-prong test for superseding cause). Plaintiff bore the burden of proof on this element of her case (i.e., proximate cause), Long v. Ponca City Hosp., Inc., 593 P.2d 1081, 1087 (Okla.1979), and her failure to establish a triable issue warranted the summary judgment in favor of Defendant. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3