OPINION
{¶ 1} On July 9, 2003, appellee, Anthony Carter, rented a motor vehicle from Coughlin Chevrolet, Inc. while Coughlin was repairing appellee's vehicle. On July 26, 2003, appellee was involved in a two vehicle accident wherein the driver of the other vehicle, Frank O'Brien, died. Mr. O'Brien's wife, Teresa O'Brien, was named Administratrix of Mr. O'Brien's Estate.
 {¶ 2} At the time of the accident, appellee was insured under his personal automobile policy with Progressive Insurance Company with limits of $25,000.00, and Coughlin was insured under garage and umbrella policies with limits of $500,000.00 and $10,000,000.00, respectively, issued by appellant, General Casualty Company of Wisconsin.
 {¶ 3} On October 13, 2003, Mrs. O'Brien filed a complaint against appellee and Coughlin, claiming wrongful death, negligence and survivorship. Appellee requested that appellant assume his defense in the action. Appellant refused, stating the rental agreement between the parties specifically provided that the only liability insurance coverage on the rental vehicle would be appellee's personal automobile policy with Progressive.
 {¶ 4} On July 14, 2004, appellee filed a declaratory judgment action against appellant for a determination as to coverage. Appellee also alleged claims for bad faith and breach of contract. Mrs. O'Brien was joined in the action as a nominal party. On March 30, 2005, appellees filed motions for summary judgment. By judgment entry filed October 7, 2005, the trial court granted the motions, finding coverage under the policies; the trial court limited coverage under the garage policy "to the statutory limits in Ohio" and limited coverage under the umbrella policy "to the amounts as stated on the Declarations pages." However, the trial court denied summary judgment on the bad faith and breach of contract claims.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE LOWER COURT ERRED WHEN IT FOUND THAT THE RENTAL AGREEMENT BETWEEN PLAINTIFF-APPELLEE ANTHONY J. CARTER AND COUGHLIN AUTOMOTIVE GROUP HAD NO EFFECT ON THE COVERAGE PROVIDED BY GENERAL CASUALTY CO. OF WISCONSIN."
 {¶ 7} This case comes to us on the accelerated calendar governed by App.R. 11.1 which states the following in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal
 {¶ 9} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 10} "The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 11} Appellant claims the trial court erred in granting summary judgment to appellees. We disagree.
 {¶ 12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 15} Appellant presents three arguments in support of its appeal: 1) the trial court's decision is against the public policy of the State of Ohio; 2) appellee Carter had the right to accept or reject coverage as a third party beneficiary to the underlying garage contract; and 3) the trial court erred in rejecting the language of the rental agreement.
 {¶ 16} In its judgment entry of October 7, 2005, the trial court determined appellee Carter was an insured under the garage and umbrella policies because the rental agreement was not incorporated into appellant's policies and therefore "the rental agreement had no effect on the coverage provided by General Casualty."
 {¶ 17} The policies in question are included in an "Agreed Stipulation" filed on March 30, 2005. The undisputed language of the garage policy, Endorsement No. CA 01 45 03 94, defines "Who Is An Insured" as follows:
 {¶ 18} "WHO IS AN INSURED
 {¶ 19} "1. For Covered `Autos'.
 {¶ 20} "a. You are an `insured' for any covered `auto'.
 {¶ 21} "b. Anyone else is an `insured' while using with your permission a covered `auto' except:
 {¶ 22} "(1) The owner of a covered `auto' you hire or borrow from one of your employees or a member of his or her household.
 {¶ 23} "(2) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing or parking or storing `autos' unless the business is your `garage operations'.
 {¶ 24} "c. Your customers, if your business is shown in ITEM ONE of the declarations as an `auto' dealership, but only up to the compulsory or financial responsibility law limits where the covered `auto' is principally garaged."
 {¶ 25} The undisputed language of the umbrella policy, Section III, defines "Who Is An Insured" as follows:
 {¶ 26} "WHO IS AN INSURED
 {¶ 27} "* * *
 {¶ 28} "4. Except as provided in 5. below, any person is an insured while using with your permission an `auto' you own, hire or borrow. The following are not insureds under this provision:
 {¶ 29} "a. The owner or anyone else from whom you hire or borrow an `auto'. This exception does not apply if the `auto' is a `trailer' connected to an `auto' you own. However, if the owner of such an `auto' is an insured in the `underlying insurance' then that person shall be an insured under this Coverage Part. Coverage provided by this exception shall be no broader than that of the `underlying insurance';
 {¶ 30} "b. Your `employee' if the `auto' is owned by that `employee' or a member of his or her household. However, if the owner of such an `auto' is an insured in the `underlying insurance' then that person shall be an insured under this Coverage Part. Coverage provided by this exception shall be no broader than that of the `underlying insurance';
 {¶ 31} "c. Someone using an `auto' while he or she is working in a business of selling, servicing, repairing, parking or storing `autos' unless that business is yours; or
 {¶ 32} "d. Anyone other than your `employees', partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their `employees', while moving property to or from an `auto'.
 {¶ 33} "Anyone liable for the conduct of an insured described above is an insured, but only to the extent of that liability."
 {¶ 34} Based upon the cited definitions, appellee Carter is an insured under both policies, under the garage policy at ¶ 1(a) and (c) and under the umbrella policy at ¶ 4.
 {¶ 35} The main issue is not whether appellee Carter is an insured under the two policies, but whether appellee became uninsured by signing the rental agreement purporting to reject coverage under the two policies.
 {¶ 36} Section 10 of the rental agreement provided the following:
 {¶ 37} "Liability Insurance and Indemnity
 {¶ 38} "(a) If an accident results from the use of the Vehicle, Your liability insurance or the liability insurance of the driver of the Vehicle will be primary. This means that Licensee's automobile liability insurance policy ('Policy') will not grant any defense or indemnity protection under this paragraph if either You or the driver of the Vehicle are covered by any other valid and collectible automobile liability insurance, whether primary, secondary, excess or contingent, with limits at least equal to the minimum required by the applicable state financial responsibility or compulsory insurance law. If neither You or the driver of the Vehicle has such insurance and an accident results from the use of the Vehicle as permitted by this Agreement; the insurance Policy obtained by Licensee protects You and Authorized Drivers against liability to third parties for bodily injury including death and property damages. The Policy's coverage is limited to the minimum required by automobile financial responsibility or compulsory insurance laws of the state in which the accident occurs. Where permissible, the Policy does not protect against claims made by You, any Authorized Drivers or Your or their family members whether related by blood, marriage or adoption and who resides with You or an Authorized Driver."
 {¶ 39} Appellant argues this specific provision precludes coverage to appellee Carter because he carried his own automobile policy. We disagree with this argument based upon the authority of State Farm Mutual Automobile Insurance Company v. NorthbrookInsurance Company (February 5, 1990), Montgomery App. No. 11593, wherein our brethren from the Second District held the following:
 {¶ 40} "Generally, insurance coverage is determined by looking at the terms and provisions of the insurance contracts, not by the lease agreements between the named insureds. CarolinaCasualty Insurance Co. v. Transport Indemnity Co. (C.A. 10 1973), 488 F.2d 790. `[T]he intent to incorporate additional papers into an insurance policy must be plainly manifest.'Taylor v. Kinsella (C.A.2 1984), 742 F.2d 709 (1984)." See also, Ayers v. All America Insurance Company (December 18, 1998), Trumbull App. No. 97-T-0218.
 {¶ 41} Because it is conceded there is no reference or incorporation of the rental agreement into the policies sub judice, the language limiting coverage is not enforceable.
 {¶ 42} As to the specific argument regarding public policy and the reliance of the business community on contracts entered into freely, we find such argument to have no merit. Clearly theNorthbrook law and its precedent establish the law of this state requires limiting contract language to be included in the basic policy of insurance. Once such limiting language is included, coverage would not be applicable.
 {¶ 43} Appellant also argues appellee Carter is a third party beneficiary of the underlying policy and as such he could negotiate away his coverage. The facts in this case as well as the holding in Northbrook negate this argument.
 {¶ 44} Upon review, we find the trial court did not err in finding coverage to appellees under the garage and umbrella policies. We note a challenge was not made to the trial court's decision on the amount of coverage available.
 {¶ 45} The sole assignment of error is denied.
 {¶ 46} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Gwin P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.